# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| RCI CONTRACTORS & ENGINEERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action Number 6:06-cv-01527-UWC |
| JOE RAINERO TILE COMPANY, INC., and DAL-TILE CORPORATION, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION GRANTING DEFENDANT
## JOE RAINERO TILE COMPANY'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Presently before the Court is Defendant Joe Rainero Tile Company's ("Rainero Tile") Motion to Dismiss for lack of *in personam* jurisdiction. (Doc. 2.) For the reasons that follow, the Court concludes that it does not have personal jurisdiction over Defendant Rainero Tile. Accordingly, Rainero Tile's Motion to Dismiss For Lack of Personal Jurisdiction is due to be granted.

### FACTUAL BACKGROUND[1]

RCI Contractors & Engineers, Incorporated ("Plaintiff") initially filed this complaint in the Circuit Court of Fayette County, Alabama, against Joe Rainero Tile

---

[1] Because both parties relied on documents outside of the complaint, the Court is treating this motion to dismiss as a motion for summary judgment. On a motion for summary judgment, the facts are construed in the light most favorable to the non-moving party.

Company, Incorporated. and Dal-Tile Corporation ("Dal-Tile"). Rainero Tile removed this action to this Court, and later Dal-Tile joined in the removal. (Doc. 1, Def.'s Notice of Removal.) Plaintiff seeks damages for alleged breach of contract, breach of warranty, fraud, and false advertising based on alleged faulty installation of tile by Rainero Tile in three jail facilities in Abingdon, Duffield, and Haysi, Virginia. (Comp. ¶ 5.) Plaintiff is incorporated in the state of Alabama and its principal place of business is also in Alabama. (Doc. 5, Pl.'s Reply to Mot. to Dismiss, McGuire Aff. ¶ 2.) Rainero Tile is incorporated and has its principal place of business in Virginia. (Doc. 1, ¶ 4.)

Plaintiff entered into a contract with Rainero Tile for Rainero Tile to prepare, install, and grout the tiles in three Virginia jail facilities. (Comp. ¶ 5.) In an affidavit, Plaintiff contends that Rainero Tile "did solicit business from Alabama companies such as [Plaintiff]." (McGuire Aff. ¶ 9.) However, Plaintiff does not submit any evidence that Rainero Tile solicited Plaintiff's business *in* the state of Alabama.

In contrast, Rainero Tile proffers uncontradicted evidence that Wayne Moore, Plaintiff's representative who was working out of the Plaintiff's Virginia office, negotiated and proposed the contract while in Virginia to Edward Lyta, then sales manager of Rainero Tile. (Doc. 7, Def.'s Reply to Pl.'s Response to Mot. to Dismiss, Lyta Aff. ¶ 4.) Lyta then signed the contract in Virginia. (*Id.*) The contract was subsequently mailed to Plaintiff's office in Tuscaloosa, Alabama. (McGuire Aff. ¶ 2.) Between January and March of 2005, Rainero Tile performed the contracted work at each of the Virginia jail facilities. (Compl. ¶ 9-11.) Plaintiff transferred funds from its

Alabama office to Rainero Tile for its work. (McGuire Aff. ¶ 6.)

## APPLICABLE LAW

The Eleventh Circuit applies a two-step test in determining whether a district court may exercise personal jurisdiction over a non-resident defendant. First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). Second, the court must determine whether the defendant maintains sufficient contacts with the forum state such that exercise of personal jurisdiction over the defendant is consistent with notions of fair play and substantial justice under the Fourteenth Amendment's Due Process Clause. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945). Sufficient minimum contacts are those which give the defendant "fair warning" that a particular activity may subject him to the personal jurisdiction of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

## ANALYSIS

Alabama's long-arm statute authorizes Alabama courts to exercise personal jurisdiction to the fullest extent possible under the Due Process Clause. Ala. R. Civ. P. 4.2 (a). Where the forum state's long-arm statute authorizes the court to assert personal jurisdiction to the fullest extent possible under the Due Process Clause, the Court need not examine the state statute, for then the only analysis becomes that of whether exercise

of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  *Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

Personal jurisdiction can take the form of general or specific jurisdiction.  *See FrancoSteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994).  This Court's exercise of general jurisdiction satisfies due process where the defendant's contacts with the forum state are "continuous and systematic."  *Consolidated Dev. Corp. V. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).  Because there is no evidence in the record that Rainero Tile continuously and systematically made contacts in Alabama, this Court does not have general jurisdiction over Rainero Tile.  Thus, this Court must determine whether Rainero Tile maintains contacts with the state of Alabama such that exercise of specific jurisdiction over Rainero Tile satisfies due process.  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

The Eleventh Circuit has held that the exercise of specific jurisdiction passes constitutional muster where three criteria are satisfied.  First, the defendant's contacts with the forum state must be related to the cause of action or give rise to it.  *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005) (citing *FrancoSteel Corp.,* 19 F.3d at 627).  Second, the contacts must involve some act of the defendant by which he purposefully avails himself of the benefits of conducting activities of the forum.  *Id*.  Third, the defendant's activities must be such that he could reasonably anticipate being haled into court in the forum state such that the exercise of personal jurisdiction does not offend notions of fair play and substantial justice.  *Id*.

Applying the criteria of the Eleventh Circuit, first, Rainero Tile's contacts with Alabama must be related to Plaintiff's cause of action or give rise to it. Assuming Rainero Tile has made any contacts with the state of Alabama, it is undisputed that those contacts are related to its contract with Plaintiff, which is the basis of Plaintiff's claim.  Therefore, the first criteria is satisfied.

Second, Rainero Tile's contacts with Alabama must involve some act by Rainero Tile by which it purposefully availed itself of the benefits of conducting activities in Alabama.

Rainero Tile makes compelling arguments that it has not purposefully availed itself of the Alabama forum. Rainero Tile presents evidence that Plaintiff's representative, Wayne Moore, while working in Plaintiff's Virginia office, solicited Rainero Tile to submit a bid for the contracted work.  (Doc. 7, Def.'s Reply to Pl.'s Response to Mot. to Dismiss, Lyta Aff. ¶¶ 4,5.)   Rainero Tile states that its only alleged "contact" with Alabama occurred in August 2004, when Rainero Tile sent the signed contract from Virginia to Alabama. (*Id*. ¶ 4.)  The Court agrees with Rainero Tile that the signing of this contract is insufficient contact to justify jurisdiction.

Plaintiff contends that by various acts, Rainero Tile availed itself of the benefits of operating in Alabama.  Those acts include mailing the contract to Alabama, making telephones calls to Alabama, receiving funds from Alabama, and Rainero Tile's solicitation of Alabama business opportunities.  (Doc. 5, Pl.'s Reply Mot. to Dismiss, McGuire Aff. ¶¶ 4-6,9.) Taking Plaintiff's facts as true, the only contacts Rainero Tile

made with this forum is the mailing of a contract and corresponding over the phone and by mail in regards to that contract.  While Plaintiff alleges that Rainero Tile solicited Alabama business, there is no evidence that Rainero Tile solicited that business *in* the Alabama forum.  Without more, these contacts do not demonstrate purposeful availment; thus, the second criteria is not satisfied.

Finally, under the third criteria, Rainero Tile's activities must be such that it could reasonably anticipate being haled into court in Alabama such that the exercise of jurisdiction does not offend notions of fair play and substantial justice. For the same reasons the second criteria fails, this Court also finds the third criteria is not satisfied.

Accordingly, Rainero Tile's Motion to Dismiss is due to be granted, for want of personal jurisdiction.  By separate order, it will be done.

Done the 11th day of October, 2006.

                                                                             _____
                                                                             U.W. Clemon
                                                                             Chief United States District Judge